No. 12687

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

THE STATE OF MONTANA,

                    Plaintiff and Respondent,

-vs-

JON WILLIAM PASCHKE,

                    Defendant and Appellant.

Appeal from: District Court of the Thirteenth Judicial District,
           Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

    For Appellant:

        Sandall, Moses, Cavan and Kampfe, Billings, Montana
        D. Frank Kampfe argued, A. Clifford Edwards argued,
        Billings, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        Thomas A. Budewitz, Assistant Attorney General, argued,
        Helena, Montana
        Harold F. Hanser, County Attorney, Billings, Montana
        Doris M. Poppler, Deputy County Attorney, appeared,
        Billings, Montana

Submitted: September 13, 1974

Decided: OCT 22 1974

Filed: OCT 22 1974

_____
                  Clerk

No. 12688

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JOHN ARNOLD MASON,

Defendant and Appellant.

Appeal from: District Court of the Thirteenth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellant:

Sandall, Moses, Cavan and Kampfe, Billings, Montana
D. Frank Kampfe argued, and A. Clifford Edwards argued,
Billings, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas A. Budewitz, Assistant Attorney General, argued,
Helena, Montana
Harold F. Hanser, County Attorney, Billings, Montana
Doris M. Poppler, Deputy County Attorney, appeared,
Billings, Montana

Submitted: September 13, 1974

Decided:

Filed:

Thomas J. Kearney
Clerk

Justice Frank I. Haswell delivered the Opinion of the Court.

These are combined appeals from the district court of Yellowstone County wherein Jon William Paschke and John Arnold Mason were convicted of criminal possession of dangerous drugs. Pursuant to stipulation of the parties a single hearing was held before Judge Brownlee to present all evidence applicable to defendants' motions to suppress evidence or the ultimate question of guilt or innocence. Defendants appeal, challenging Judge Brownlee's subsequent denial of their motions to suppress.

Defendants allege the warrant under which certain drugs were seized was invalid; therefore that evidence must be suppressed. Both Paschke and Mason claim the issuing magistrate was not shown sufficient probable cause for the issuance of the warrant. They further allege the warrant does not describe the premises to be searched with sufficient particularity. Mason also alleged that since he was not named in the warrant, the search of his room was not warranted.

On February 25, 1973, an application for a search warrant was executed by Richard Brennan, a deputy sheriff of Yellowstone County. This application contained the following sworn statement of facts:

"Information shows that Jon Paschke lives at 1930 Mullowney Lane Billings, Montana which is the residence of one Sally Johnson. Your affiant has had reports over the past nine months that Jon Paschke and Sally Johnson have been dealing drugs here in Billings and on the high line. Both of these individuals and the residence at 1930 Mullowney Lane have been under investigation for the past seven months by the city-county drug squad. Known drug users and dealers have been observed at the house. An informant who has furnished reliable information in the past that has led to drug arrests, advised within the last 48 hours that he had been contacted by a known drug user who offered to sell him drugs that he had obtained from Jon Paschke. This person told the informant that Paschke would be bringing more drugs into town (Amphetimines, Mescaline, Psilocybin) and he was to get into town on the evening of February 24, 1973. Paschke drives a 1970 Ford Van 3-27650. This unit was not at the house on last evening. The Van was observed at the house (1930 Mullowney Lane) about noon today Feb. 25, 1973. The residence has been checked during the evening and morning. This same information was also received during the last 48 hours from two other sources."

The application was filed with R. J. Williams, a justice of the peace, on the same day. Although Deputy Brennan appeared personally before Judge Williams, he contributed no information toward the determination of probable cause other than that contained in the quoted statement of facts.

A warrant bearing the caption, "THE STATE OF MONTANA, Plaintiff, - vs - JON PASCHKE and SALLY JOHNSON, Defendant" was issued the same day. The premises to be searched were described as "1930 Mullowney Lane, Billings, Montana."

The warrant was executed shortly after its issuance. When the officers arrived at the residence they observed defendant Mason with 8 1/2 grams of hashish in his possession. Drugs were found at various locations throughout the house, including a room shared by Mason and another. Paschke and Mason were among a number of persons arrested on the premises as a result of the search.

On appeal appellants first argue that Judge Williams was not presented with sufficient probable cause to satisfy constitutional and statutory requirements for the issuance of a search warrant. The record clearly establishes that the only information before Judge Williams was that contained in the statement of facts heretofore quoted. Our inquiry must therefore be limited to the four corners of that document. Petition of Gray, 155 Mont. 510, 473 P.2d 532; State v. Bentley, 156 Mont. 129, 477 P.2d 345.

Appellants would exclude from that statement of facts the information contributed by the anonymous "known drug user". Their objection is not that such information is hearsay, or even that it is double hearsay, but that the trustworthiness of the known drug user and the information he provided have not been adequately established.

It is clear that probable cause can be based on the hearsay statements of an anonymous informer. Aguilar v. Texas, 378 U.S.

108, 84 S.Ct. 1509, 12 L ed 2d 723; State v. Troglia, 157 Mont. 22, 482 P.2d 143. However, Aguilar requires that underlying circumstances which support either the credibility of the hearsay source or the reliability of his information must be provided.

In the affidavit under consideration here, two hearsay sources are involved--the "informant" and the "known drug user". Since the affidavit identifies the informant as a source of reliable information leading to drug arrests in the past, it is apparent that this source satisfies the first of Aguilar's alternative requirements. Appellants concede as much but challenge the "credentials" of the known drug user since there is no allegation that he had previously proven to be reliable.

The information provided by the known drug user was that: (1) The known drug user had obtained drugs from Jon Paschke; (2) Paschke would be bringing more drugs into town; and, (3) Paschke would arrive on the evening of February 24, 1973. This information was transmitted to the informant by the known drug user along with the latter's offer to sell drugs.

Since the affidavit fails to establish the known drug user's credibility under the first of Aguilar's tests, it must necessarily meet the second test by demonstrating the reliability of the information, independent of its source. We find its reliability to be amply supported by the facts found in the statement of facts: (1) the information was provided during an offer to sell drugs to the informer; (2) Paschke's van appeared at the time it was reported that Paschke would return; (3) Paschke had been reported to be dealing in drugs in Billings over the past nine months, and (4) the same information was verified by two other sources.

The circumstances under which information is supplied can support its reliability. For example: Justice White's concurring opinion in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L ed 2d 637, pointed out that admissions aginst interest are sufficient to establish probable cause, even though related through

- 4 -

a hearsay source. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L ed 2d 723. In Thompson v. State, 16 Md.App. 560, 298 A.2d 458, the court held under circumstances similar to those here that since the seller had no cause to mislead his customer, the very circumstances gave reasonable assurances of trustworthiness of the information. On that basis alone the court in Thompson found that information given by an anonymous seller concerning his source was sufficient to establish probable cause.

Here, we have much more. The evidence that the van returned at the time the known drug user said Paschke would arrive tended to verify that information. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L ed 2d 327. The receipt of similar information from two other sources also supported the informations' reliability. As the Court said in Jones v. United States, 362 U.S. 257, 271, 80 S. Ct. 725, 4 L ed 2d 697:

> "* * * Corroboration through other sources of information reduced the chances of a reckless or prevaricating tale * * *."

The reports that Paschke had been dealing in drugs in Billings over the past nine months provided further corroboration.

We hold that sufficient probable cause was established for the issuance of the search warrant.

The warrant issued described the premises to be searched as "1930 Mullowney Lane, Billings, Montana." Appellants urge that this description is insufficient to satisfy the particularity requirement of the Fourth Amendment to the Constitution of the United States, as well as the requirements of section 95-704(b), R.C.M. 1947. They argue that a mere street address permits too much discretion in the executing officers as to the area to be searched.

In Steele v. United States, 267 U.S. 498, 503, 45 S.Ct. 414, 69 L ed 757, the Court said:

> "* * * It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended."

- 5 -

In *Steele* the Court did not limit the "reasonable effort" to a reading of the face of the warrant only. Here, the officer making application for the warrant had participated in past surveillance of the premises to be searched, and his application spoke only of activities in the "house". He knew the detached garage was not to be searched under the initial warrant-- a knowledge borne out by his subsequent application for a warrant to search that garage.

Under such circumstances, when the search actually conducted was limited to the area for which probable cause had been demonstrated, there is no threat to Fourth Amendment values. State v. Bisaccia, 58 N.J. 586, 279 A.2d 675. Furthermore, it has been held that a street address within a city is sufficiently particular. In Re Hollywood Cabaret, 5 F.2d 651 (2nd Cir. 1925); Owens v. Scafati, 273 F.Supp. 428 (D. Mass., 1967), cert. den. 391 U.S. 969, 88 S.Ct. 2043, 20 L ed 2d 883. We find no reason to hold otherwise here.

Finally, Mason urges that the search of his room was invalid since no probable cause was demonstrated, nor was he even mentioned in the application or warrant.He suggests State ex rel. Garris v. Wilson, 162 Mont. 256 , 511 P.2d 15, 30 St.Rep. 605, is controlling. In *Garris* we held Garris' constitutional right of privacy invalidated the search warrant as to him. The cases are similar in that appellants in both were not mentioned in the warrants or in the applications. However the similarity between the cases ends there. Here, unlike *Garris*, there is no evidence that Mason paid rent for his room, or that he had the use of the room to the exclusion of all others. The record clearly shows that he shared the room with another. It further shows the officers had been unable to positively ascertain whether Mason was living there and whether he occupied a specific room.

Under such circumstances we must be guided by the considerations which prompted the United States Supreme Court to say in United States v. Ventresca, 380 U.S. 102,108, 85 S.Ct. 741, 13 L ed 2d 684:

- 6 -

> "* * * the Fourth Amendment's commands, like
> all constitutional requirements, are practical
> and not abstract. * * * A grudging or negative
> attitude by reviewing courts toward warrants
> will tend to discourage police officers from
> submitting their evidence to a judicial officer
> before acting."

Here, the police had probable cause to believe that drugs were present in a house they knew to be occupied by Paschke and Johnson. Although they knew that Mason had been an occasional guest, their information stopped short of establishing him as an occupant. Under such circumstances the practicality required by the Fourth Amendment has been satisfied.

Furthermore, Mason was arrested with drugs in his immediate possession. The search of his room produced more drugs, but he was tried only on a single count of possession of dangerous drugs. Thus the record demonstrates sufficient evidence to uphold the conviction without considering the drugs seized from his room.

The district court's denial of all motions to suppress is affirmed.

------------------------------------------
                      Justice


We Concur:

------------------------------------------
  Chief Justice

_Wesley Castles_
------------------------------------------

_John Conway Harrison_
------------------------------------------

------------------------------------------
  Justices.