No. 13061

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA EX REL
ALLAN LEE GOULDING, III,

        Petitioner,

   -vs-

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF MONTANA,
and the HONORABLE M. JAMES SORTE, as
presiding JUDGE THEREOF,

        Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioner:

        Berger, Anderson, Sinclair and Murphy, Billings,
         Montana
        James J. Sinclair argued, Billings, Montana

    For Respondents:

        Hon. Robert L. Woodahl, Attorney General, Helena,
         Montana
        John F. North, Assistant Attorney General, appeared,
         Helena, Montana
        Harold F. Hanser, County Attorney, argued, Billings,
         Montana

    For Amicus Curiae:

        Thomas C. Honzel, argued, Helena, Montana

---

Submitted: June 24, 1975

Decided: JUN 3 0 1975

Filed:

*Thomas J. Kearney*
                  Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is a petition for writ of supervisory control by a defendant charged by information with the crime of criminal sale of dangerous drugs. On May 6, 1975, a hearing was had on a motion to suppress evidence. District Judge James Sorte, sitting in Yellowstone County, denied the motion to suppress and this petition for a writ of supervisory control followed.

We issued an order setting an adversary hearing to determine whether this Court should accept jurisdiction. The district court appeared by brief and oral argument, as did the Montana County Attorneys Association, after leave by this Court to appear amicus.

We have the benefit of a full transcript of the hearing on the motion to suppress. Here relator's sole contention is that the search of his person was invalid because it was made pursuant to an unlawful arrest. The basis for this assertion is that the officers who arrested without a warrant had no probable cause.

Section 95-608, R.C.M. 1947, states:

"A peace officer may arrest a person when:

"* * *

"(d)  He believes on reasonable grounds, that the person is committing an offense, or that the person has committed an offense and the existing circumstances require his immediate arrest." (Emphasis supplied).

Relator's arrest on the night of February 20, 1975, in Billings was the culmination of a series of drug arrests by the Billings police in an undercover operation with the assistance of officers from Missoula County. The initial drug contact was with one Charles Bertram who resided in the Fishtail-Nye area. Bertram agreed to cooperate with the police officers. Missoula County Officer Lambert and Bertram went to Tommy Allen at Fishtail and purchased ten pounds of marijuana. Allen agreed to pick up another twenty pounds. Allen was paid $810 in marked money from the

Billings police department. A meeting for later in the evening was set up at Coulson Park, on the outskirts of Billings. As scheduled, at 8:25 p.m. that evening, Allen appeared at Coulson Park and offered to sell marijuana. He was arrested and searched. He did not have the marked money but told the officers that he had obtained the marijuana from relator; had paid him with the money he had received from Bertram and Lambert; that relator had placed the money in his boot; that relator had supplied him with the marijuana and took the money; that the relator had done this at a certain apartment of relator's girlfriend or at another apartment where he would now be found. Within minutes the officers went to the two apartments indicated by Allen and relator was found, arrested, searched, and the marked money found in relator's boot.

Relator's position, as stated heretofore, is that the arrest was unlawful in that the informant Allen was not known to the police and thus was not known to be reliable.

The reliability and credibility of information is a fact question in any given situation. In a recent case, State v. Paschke, _____Mont._____, 527 P.2d 569, 31 St.Rep. 847, involving the question of probable cause for the issuance of a search warrant, this Court discussed the reliability of information, independent of its source. We cited Justice White's concurring opinion in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L ed 2d 637, where it was pointed out that admissions against interest are sufficient to establish probable cause, even though related through a hearsay source. Here the statements of Tommy Allen are directly against interest. See: United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L ed 2d 723. Here, Tommy Allen is a co-conspirator or even an accomplice.

In State v. Thorsness, _____Mont._____, 528 P.2d 692,694, 31 St. Rep. 895, 897, in discussing the sufficiency of an affidavit

to support a search warrant this Court said:

> "In this case the establishment of probable cause sufficient to authorize the issuance of a search warrant, turns on the statement in the affidavit that a 'source of known reliability' told police that Thorsness would be traveling through Missoula with Cocaine and other drugs in his possession on August 1, 1973. The quantum of information necessary to permit the use of such hearsay in establishing probable cause was set forth in Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L Ed.2d 723, 729:

>> "'Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L ed 2d 697 [78 A.L.R.2d 233], the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed [citing case], was "credible" or his information "reliable." * * *' [Emphasis supplied].

> "The affidavit here contains no underlying circumstances upon which the informant based his conclusion that Thorsness would be traveling through Missoula with cocaine or other drugs in his possession on August 1. The affidavit contains no statement as to how the informant received his information. It cannot be determined if the informant came by his information directly or whether he merely relied upon rumor or reputation.

> "The deficiency here is similar to that found in Spinelli v. United States, 393 U.S. 410, 416, 89 S. Ct. 584, 589, 21 L.Ed.2d 637, where the Court said:

>> "'* * * The tip does not contain a sufficient statement of the underlying circumstances from which the informer concluded that Spinelli was running a bookmaking operation. We are not told how the FBI's source received his information--it is not alleged that the informant personally observed Spinelli at work or that he had ever placed a bet with him. Moreover, if the informant came by the information indirectly, he did not explain why his sources were reliable. [Citing case] In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.'"

With this discussion of the law in mind, we examine this case. Here, Allen personally dealt with relator. Allen was a

- 4 -

co-conspirator. Allen's reliability was that of an eyewitness and to apply any exclusionary rule or artificial standard for probable cause flies in the face of reasonable interpretation.

Federal District Judge Battin in a memorandum and order dated April 11, 1975, in In the Matter of the Petition of Jon William Paschke and John Arnold Mason, CV-74-101-BLG, -- U.S. District Court, D. Mont., noted:

> "'Probable cause exists to arrest where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant the officer to conclude that an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162. In short, probable cause is a reasonable ground for belief of guilt. The question of proof for the establishment of probable cause is certainly less than that required for conviction.'"

We find the circumstances under which the information was supplied support its reliability: (1) The information was given by Allen after his arrest and after he had secured additional marijuana from a source of supply in Billings. (2) Allen had been given marked money---$810-- and did not have it when arrested a relatively short time later. (3) Allen kept his appointment for delivery of more marijuana. (4) Allen admitted his own participation. (5) Allen indicated the location of the apartment where relator could be found.

Here, Judge Sorte was fully informed of all the facts upon which the officers acted. He correctly concluded the arrest was lawful. Accordingly, the petition for writ of supervisory control is denied.

_Wesley Castles_
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justice.