188 P.2d 177

STATE v. SIMS.

No. 5051.

Supreme Court of New Mexico.

Dec. 29, 1947.

Otto Smith and Carleton Davis, both of Clovis, for appellant.

C. C. McCulloh, Atty. Gen., and Robert V. Wollard, Asst. Atty. Gen., for appellee.

McGHEE, Justice.

The defendant was convicted of contributing to the delinquency of a seven year old girl.

His first ground for reversal is his claim that the trial court erred in overruling his challenge for cause to the juror Barnett, who was called into the box after he had exhausted his peremptory challenges. We quote the following from the examination of this juror:

By Mr. Rowley (Assistant District Attorney):

"* * * Q. Do you have a family? A. Two daughters.

"Q. Would the fact that you have two daughters yourself * * * would that tend to bias or prejudice you in a case of this kind, just because it is a case of this kind? A. I believe it would.

"Q. You say you have never heard what the facts might be? A. Nothing except I heard the charge read.

"Q. Would the mere fact that a man is charged cause you to be prejudiced against

him? A. Well, yes, if he is charged with it there is reason to believe it did happen.

"Q. You understand that in the trial of any criminal case a defendant is presumed to be innocent until he is proven guilty? A. Yes, sir.

"Q. And that a jury must agree unanimously on his guilt? A. Yes.

"Q. In the face of that, do you feel it would be impossible for you to sit as a juror and give the defendant a fair trial, just because he is charged with an offense? A. No, sir.

"Q. Of course, an offense of this kind is one that none of us like to think about. The mere fact that a man is charged wouldn't make you unfair to him if you are selected as a juror? A. No, sir.

"Q. If selected as a juror, would you try the case solely on the evidence you hear from the witness stand and the law given by the Court? A. Yes, sir.

"Q. You could, and would do it if selected as a juror? A. Yes.

\*     \*     \*     \*     \*     \*

"(Questions for the defendant by Mr. Davis, answers by juror J. O. Barnett:)

"Q. Mr. Barnett, you say you have two daughters? A. Yes, sir.

"Q. And as a result of having two daughters your feelings in a case of this kind would be possibly stronger than a person without children? A. Yes.

"Q. Do you feel that if the decision in this case narrowed down to a fine point, where it was practically impossible to tell which way the finger would turn, do you feel you might possibly be inclined, owing to the feeling you have toward this sort of offense, to find against the defendant? A. Yes, I am afraid so.

"Mr. Davis: Challenge the juror for cause.

"The Court: Mr. Barnett, the defendant is presumed to be innocent and that presumption remains with him until you hear all the evidence in the case, and until you are convinced of his guilt beyond a reasonable doubt by all the evidence in the case. Can you hear the testimony and give the defendant that presumption of innocense and try the case solely on the evidence and the law?

"A. He said if it came to a fine point. You say beyond a reasonable doubt. If I had any doubt it would be against the defendant, if it was that close.

"The Court: I know, but the State is the one that is required to prove his guilt beyond a reasonable doubt. The defendant doesn't have to prove anything. A. I'm sorry, but I am new at this thing. I am certainly confused about the whole thing. Would you state that over again?

"The Court: Let me say it this way: The defendant is presumed to be innocent and the State must do the proving. A. Yes, sir.

"The Court: The defendant does not have to take the stand; he doesn't have to prove anything in his own behalf. The State is required to establish his guilt to your satisfaction and beyond a reasonable doubt by the evidence in the case. Can you give the defendant that presumption of innocence and try the case solely on the law and the evidence? A. I will certainly try to be fair, I will put it that way.

"The Court: There has nothing ever happened in connection with your family that would cause you to have any particular prejudice against an offense of this nature? A. No, sir.

"The Court: You think you can try the case without any bias or prejudice toward the defendant? A. Yes, I think I can do that alright. The point I am confused about, he said if it came down to a narrow point one way or the other. In my mind I am sure I would be prejudiced.

"Mr. Davis: I think that is sufficient answer. I think he should be excused.

"Mr. Rowley: I don't think so. Mr. Barnett stated he would be fair and that he would recognize the presumption of innocence. As he says, he is confused. Counsel said if it came to a hair line balance, or something of that sort. I think that is a rather confusing way to put it. If that question were put to any man in just that way, I doubt if he would know how to answer it. He states he will be fair and render a fair and impartial verdict based on the evidence and the law. I believe that is as far as he is required to go.

"The Court: Mr. Barnett, on the question of the hair-line balance, or some words to that effect. I have never heard that expression used. I don't know what the attorney had in mind, or what you have in mind in respect to that. If there is any hair-line doubt it is your duty to acquit the defendant instead of finding him guilty. His guilt must be proven to your satisfaction and beyond a reasonable doubt. With that explanation, can you try the case fairly? A. Yes, sir.

"The Court: Challenge overruled.

"Mr. Davis: Exception."

██ The trial court is necessarily invested with a wide discretion in the superintendence of the process of impaneling the jury and in the absence of unusual circumstances we will not disturb its exercise. State v. Burrus, 38 N.M. 462, 35 P.2d 285, and cases cited. On the other hand, it is the duty of the trial court to see that a fair and impartial jury is obtained, and to be careful in a case of this kind where due to the nature of the testimony it is difficult for strong jurors, who believe themselves to

have an open mind as to the charge, to return a verdict unaffected by their natural prejudice against such an offense.

The juror had plainly disclosed that he was disqualified to sit in the case, yet under skillful questioning from the bench he finally said that he would return a verdict in accordance with the law and the evidence. Who can say when the juror disclosed his true feelings? Was it when he said if he had any doubt it would be against the defendant, or was it when he made his last answer to the trial judge?

It is said in State v. Huffman, 89 Mont. 194, 296 P. 789, 790: " * * * where a juror admits bias, his subsequent statement that he can consider the evidence impartially should be received with caution, for, 'even though a juror be biased, he will, it is said, seldom admit inability to act impartially' (15 Cal.Jur. 430, and cases cited)."

We like the statement in Johnson v. Reynolds, 97 Fla. 591, 121 So. 793, 796: "It is difficult, if not impossible, to understand the reasoning which leads to the conclusion that a person stands free of bias or prejudice who having voluntarily and emphatically asserted its existence in his mind, in the next moment under skillful questioning declares his freedom from its influence. By what sort of principle is it to be determined that the last statement of the man is better and more worthy of belief than the former?"

■ A jury must consist of twelve impartial men. The integrity of the panel is destroyed if one of the jurors enters the box concealing bias. Lane v. State, 168 Ark. 528, 270 S.W. 974; Stockton v. State, 148 Tex.Cr.R. 360, 187 S.W.2d 86; Sorrell v. State, 74 Tex.Cr.R. 505, 169 S.W. 299, 303.

■ We hold that the error of the trial judge in forcing this juror upon the defendant after he had exhausted his peremptory challenges requires a reversal of the case.

In view of our action set out above we will not pass upon the other points raised.

The judgment of the district court will be reversed and the case remanded for a new trial, and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

COMPTON, J., not participating.