No. 13128

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA on the Relation
of ROBERT L. WOODAHL, Attorney General
of the State of Montana,

Relator,

-vs-

THE DISTRICT COURT OF THE FIRST JUDICIAL
DISTRICT OF THE STATE OF MONTANA, in and
for the County of Lewis and Clark and the
HON. NAT ALLEN, Presiding Judge,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Richard Dzivi, Special Assistant Attorney General,
argued, Helena, Montana
Thomas Beers, Assistant Attorney General, argued,
Helena, Montana

For Respondent:

Knight, Dahood, Mackay and McLean, Anaconda,
Montana
Wade Dahood argued, Anaconda, Montana

---

Submitted: August 21, 1975

Decided: SEP 5 1975

Filed: SEP 5 1975

Thomas J. Kearney
Clerk

PER CURIAM:

This is an application for a Writ of Supervisory Control or other appropriate writ. The state of Montana, through its Attorney General, Robert L. Woodahl, requests that the writ be directed to the district court of the First Judicial District, and the presiding judge, Hon. Nat Allen, with respect to the causes entitled State of Montana v. John J. Carden, a.k.a. James J. Carden, Cause No. 3937, and State of Montana v. John J. Carden, a.k.a. James J. Carden and Gloria (Eusek) Carden, Cause No. 3938.

The facts leading up to the petition for the writ show that on December 20, 1974, the state of Montana made application for leave to file Informations in causes No. 3937 and No. 3938. On December 20, 1974, leave was granted in cause No. 3938. On January 9, 1975, the Hon. Nat Allen assumed jurisdiction of both causes No. 3937 and No. 3938 after Judges Gordon R. Bennett and Peter Meloy of the First Judicial District voluntarily withdrew from those cases. On January 14, 1975, the Hon. Nat Allen granted leave to file the Information in cause No. 3937. The initial defense motions of both cases were filed on February 10, 1975, and the defense brief was filed on February 28, 1975. Oral argument was heard on the issue of the petition for judgment of contempt against the Attorney General, et.al., and the petition for judgment of contempt against the defendant, John J. Carden. On March 24, 1975, Judge Allen ruled upon these issues. On March 19, 1975, the court extended the time for filing of briefs for defendant until April 21, 1975, and the state until May 21, 1975, and defendant until May 30, 1975, to reply. All briefs were filed within the time extensions of the court.

On August 4, 1975, pursuant to section 95-1709, R.C.M. 1947, the Attorney General moved the district court for an order to substitute judge in causes No. 3937 and No. 3938.

On August 11, 1975, by written order, the Hon. Nat Allen ordered the Attorney General's motion for substitution of judge on both causes No. 3937 and No. 3938 be denied and ordered stricken from the record. The court stated this reason:

> "The attempt by the Attorney General to substitute a judge after the matter was submitted and pending decision by the Court is deliberate abuse of the disqualifying statute, and if allowed would destroy the efficiency of all District Courts."

Therefore, the Attorney General has petitioned this Court for a Writ of Supervisory Control or other appropriate writ instructing the Hon. Nat Allen to issue the order of substitution.

Petitioner presents these three issues for this Court's review:

1) Whether the motion of substitution of judge, submitted by the state of Montana was proper and whether it comported with all conditions precedent to section 95-1709, R.C.M. 1947;

2) Whether, looking to the reasoning of Judge Allen above, the cause had been in fact submitted to him; and

3) Whether the Hon. Nat Allen must relinquish all jurisdiction to the above cases effective upon the filing of the motion.

Petitioner contends that he has complied with all of the requirements of section 95-1709. That section in pertinent part provides:

> "(a) The defendant or the prosecution may move the court in writing for a substitution of judge on the ground that he cannot have a fair and impartial hearing or trial before said judge. The motion shall be made at least fifteen (15) days prior to the trial of the case, or any retrial thereof after appeal, except for good cause shown. Upon the filing of such a motion the judge against whom the motion is filed shall be without

authority to act further in the criminal action, motion or proceeding but the provisions of this section do not apply to the arrangement of the calendar, the regulation of the order of business, the power of transferring the criminal action or proceeding to some other court, nor to the power of calling in another judge to sit and act in such criminal action or proceeding, providing that no judge shall so arrange the calendar as to defeat the purposes of this section. Not more than one (1) judge can be disqualified in the criminal action or proceeding, at the instance of the prosecution and not more than (1) judge at the instance of the defendant or defendants."

Petitioner's motion for substitution was made in writing before any trial date was set. The grounds and reasons upon which the motion was based was that the state "cannot have a fair and impartial hearing or trial before said judge." Therefore, having reviewed all the facts of this case at the date of the hearing, we find petitioner has complied with all the conditions precedent to section 95-1709.

The second issue then is whether the reasoning of Judge Allen in his order dated August 11, 1975, for not disqualifying himself:

"The attempt by the Attorney General to substitute a judge after the matter was submitted and pending decision by the Court is deliberate abuse of the disqualifying statute, and if allowed would destroy the efficiency of all District Courts."

was a valid reason which would allow Judge Allen to maintain jurisdiction over the two causes before him.

Respondent argues:

"Justice and fairness requires that a judge cannot be disqualified as to a motion before the court where the hearing on the matter had been held, all briefs were submitted by both sides, and the matter had been deemed submitted to the judge for his decision."

This Court has reviewed the entire record of causes No. 3937 and No. 3938 and nowhere can we find any entry in the record which would show that any motion was pending before the court or deemed submitted by the court at the time the motion for substitution of judge was made to the district court by the petitioner.

- 4 -

We will not consider representations of parties after the fact or representations dehors the records. We therefore find respondent's argument that a judge cannot be disqualified when a motion is submitted to that judge, inapplicable to the fact situation now before us.

The final issue presented to this Court is whether the Hon. Nat Allen must relinquish all jurisdiction to the causes in question. We find that since petitioner has complied with all conditions precedent to section 95-1709 and there has been no showing by respondent of any facts which would establish noncompliance with that statute, the Hon. Nat Allen must relinquish all jurisdiction to the cases in question effective upon the date of the filing of the motion of substitution of judge.

This opinion shall constitute a Writ of Supervisory Control ordering that the heretofore mentioned order of August 11, 1975, be set aside and annulled; and directing Hon. Nat Allen to relinquish jurisdiction so that another judge may be called in to assume jurisdiction over criminal causes No. 3937 and No. 3938.

. . . . . . . . . . . . .

Hon. Jack L. Green, District Judge, sat for Mr. Justice Gene B. Daly in the above entitled original proceeding.