No. 14565

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

———————————

DOUGLAS C. THOMSON,

Petitioner,

-vs-

L. JOHN ONSTAD, Sheriff of Gallatin County,
Montana; and ROGER CRIST, Warden, Montana
State Prison,

Respondent.

———————————

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

James H. Goetz argued, Bozeman, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Allen B. Chronister argued, Assistant Attorney General,
Bruce E. Becker, County Attorney, Livingston, Montana

———————————

Submitted: March 20, 1979

Decided: MAY 16 1979

Filed: MAY 16 1979

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an original proceeding in which petitioner, Douglas C. Thomson, seeks a writ of habeas corpus. Petitioner was convicted under sections 54-133 and 54-134, R.C.M. 1947, now sections 45-9-102 and 45-9-104 MCA, for possession and sale of amphetamines, and sentenced to five years in the state prison by the District Court of Park County. This Court affirmed petitioner's conviction, holding that the search of his home was conducted pursuant to a valid warrant. State v. Thomson (1976), 169 Mont. 158, 161-62, 545 P.2d 1070, 1071-72.

Petitioner then sought a writ of habeas corpus in the Federal District Court for Montana. That Court concluded that the warrant authorizing the search of Thomson's home was invalid, granted the writ of habeas corpus, and ordered a new state trial. The State petitioned for a rehearing, which the Federal Court granted. Within days after the court issued its habeas corpus order, the United States Supreme Court ruled that "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial" if the state courts had provided an opportunity for "full and fair litigation" of the prisoner's Fourth Amendment claim. Stone v. Powell (1976), 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067, 1088. On the basis of this decision, the Federal District Court ordered the writ withdrawn.

Petitioner appealed to the Ninth Circuit Court of Appeals, which affirmed the Federal District Court's judgment, 573 F.2d 1316, and then sought certiorari review before the United States Supreme Court. The Supreme Court

denied the certiorari application on the authority of Stone v. Powell. _____ U.S. _____, 99 S.Ct. 117, 58 L.Ed.2d 130. See, 47 U.S.L.W. 3203 (U.S. Oct. 2, 1978) (No. 77-1804).

Petitioner now seeks habeas corpus relief in this Court, contending that the search of his home violated the United States and Montana Constitutions.

Petitioner brings our attention to the Montana constitutional requirement that the information relied upon to establish probable cause must be in writing. Because this is a matter of major constitutional significance and because we did not consider this contention during the previous appeal, we agreed to consider the petition. Upon review we conclude that the search warrant was improperly issued, and that a writ of habeas corpus is an appropriate remedy.

The facts leading to the search of petitioner's home are that one Paul Hallett, while under arrest on fraudulent check charges, told the Livingston, Montana, police that he had information about drug sales by petitioner. The police summoned the county attorney, who listened to Hallett's story, promised him full immunity from prosecution on any drug-related charges, and prepared an affidavit in support of a search warrant application, using Hallett's information. A city police officer signed the affidavit. The affidavit stated that Hallett had entered petitioner's home one week earlier and obtained a quantity of amphetamines from petitioner. It also stated that Hallett had been informed within the previous 12 hours that there were still amphetamines and other dangerous drugs in petitioner's home.

The county attorney took Hallett and two police officers before the district judge at the judge's home during the early morning hours. The judge placed Hallett and one

of the officers under oath and questioned them concerning their knowledge of the petitioner's drug-related activities. Following this interview, the judge signed the search warrant. The officers searched petitioner's home, where they found approximately 70 pills.

At a pretrial hearing on petitioner's motion to suppress the seized pills, the District Court permitted the judge who had issued the warrant to testify concerning the statements made to him by Hallett and the police officers. He also testified that he had known from his own experience that petitioner had been involved in the "drug scene."

In the previous Thomson opinion, this Court held that the affidavit in support of the search warrant application was based upon hearsay information. 169 Mont. at 162, 545 P.2d at 1072. While hearsay evidence may be sufficient to establish probable cause to support a search warrant, the person making the application must provide the issuing magistrate with additional facts which will permit the magistrate to determine whether probable cause exists. First, "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were." Second, the magistrate must be informed of "some of the underlying circumstances from which the [applicant] concluded that the informant . . . was 'credible' or his information 'reliable.'" Aguilar v. Texas (1964), 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729; Spinelli v. United States (1969), 393 U.S. 410, 412-13, 89 S.Ct. 584, 587, 21 L.Ed.2d 637, 641-42; State v. Robey (1978), ____ Mont. ____, 577 P.2d 1226, 1228, 35 St.Rep. 541, 544-45; State v. Thorsness (1974), 165 Mont. 321, 324, 528 P.2d 692, 694.

The affidavit presented to the magistrate was clearly insufficient because it failed to set forth any circumstances showing that Hallett was a credible informant or that his information was reliable. Indeed, if the circumstances underlying Hallett's information showed anything, they showed that he could not be trusted--he was a recent arrival in Livingston, was under arrest for fraudulent check charges, and was wanted on similar charges in another state. His information was not reliable--he stated that the last time he had been in petitioner's home was a full week earlier. Thus, it is doubtful that Hallett's information could have been sufficient to establish probable cause for a search of petitioner's home.

However, regardless of whatever additional information Hallett provided to the judge who issued the warrant, the failure to put that information in writing precludes our consideration of whether it might have cured the insufficient affidavit. This Court has previously construed Article II, Section 11 of the 1972 Montana Constitution to require that all the facts relied upon by the issuing magistrate be included in writing in the sworn affidavit. State ex rel. Townsend v. District Court (1975), 168 Mont. 357, 362-63, 543 P.2d 193, 196. See also, United States v. Anderson (9th Cir. 1971), 453 F.2d 174, 177 & n. 3; Petition of Gray (1970), 155 Mont. 510, 520, 473 P.2d 532, 537. Cf. Stone v. Powell 428 U.S. at 473, n. 3, 96 S.Ct. at 3042, n. 3, 49 L.Ed.2d at 1075, n. 3.

The failure to include any additional facts in the affidavit leaves the search warrant insufficient under the Aguilar and Thorsness standards, and the evidence obtained under that warrant inadmissible in a prosecution against

-5-

petitioner. Mapp v. Ohio (1961), 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081, 1090.

Petitioner's application for a writ of habeas corpus is granted.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices