No. 83-437

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

                Plaintiff and Respondent,

   -vs-

DAVID L. PIERRE,

                Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Sanders,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    J. Howard Toole, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Claude Burlingame, County Attorney, Thompson Falls,
Montana

Submitted on Briefs: December 15, 1983

Decided: March 23, 1984

Filed: MAR 2 3 1984

_Ethel M. Harrison_

—————————————————
Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

The defendant, David L. Pierre, appeals from an order of the District Court, Fourth Judicial District, Sanders County, denying his motion to suppress evidence seized pursuant to a search warrant. We affirm the conviction.

On January 19, 1983, James Cross, Undersheriff in Sanders County, executed an Applicaton for Search Warrant setting forth the following:

Billie Chubb owns a house and lot located in Sanders County in an isolated area where it is uncommon to see vehicles on the single lane road providing access to the premisis. Chubb occasionally inspects the premisis to check on the personal property located within the house. Chubb recalls stopping at the house on or about December 13, 1982. Her next visit to the house was on the evening of January 8, 1983. On that date, Chubb was driving along Highway 28 when she observed a vehicle on the single lane road leading to her property. Chubb turned her vehicle around and returned to confront the occupants of the vehicle, a pickup truck with a driver and passenger. She blocked the road and got out to talk to the driver of the pickup. Chubb described the vehicle as a blue Ford or Chevrolet pickup, late 1970's model, with a horizontal white stripe on the side and a white canopy on the box. She recalled the license plate had a prefix of "15T." An examination of the records of the Lake County Courthouse showed that David Pierre was the owner of a 1977 blue Chevrolet pickup with a white stripe down the side bearing the Montana license number "15T-5664." Because it was dark, Chubb only got a description of the

driver and not the other occupant. She described the driver as being a male of Native American descent, age forty-five to fifty-five, dark hair, dark eyes, smooth complextion, clean shaven with a stocky build.

Sometime later that night and after the encounter with the pickup and its two occupants, Chubb discovered that her house had been burglarized and numerous articles of household furniture, appliances and other items had been stolen. Chubb reported the burglary and theft along with her encounter with the pickup and its two occupants to the Sanders County Sheriff who then proceeded to conduct an investigation. During the investigation of the burglary and theft, a receipt dated December 12, 1982, from the E & B Farm and Ranch Supply in Arlee, Montana, made out to David Pierre for chicken feed and other items was found near the front entry of the Chubb premises. A Sanders County law enforcement official traveled to Arlee and confirmed that the proprietor of E & B Farm and Ranch Supply was acquainted with David Pierre and had sold him products in the past.

Sanders County law enforcement officials also learned that Harold McClure was a suspect in several burglaries in the past and had a felony theft charge pending against him in Missoula County. In addition, a deputy sheriff in Arlee had seen the Pierre pickup numerous times and advised that Harold McClure and David Pierre were friends and neighbors and had been seen together in the pickup many times.

After further investigation, a Lake County deputy sheriff observed on January 18, 1983, that the residence of David Pierre located at Arlee, Montana, had several tarps spread on the ground covering unknown personal property. He

also reported that a temporary structure had recently been constructed, covered with opaque plastic material and apparently used for storage of personal property.

A deputy sheriff in Benewah County, Idaho, advised the Lake County officers that a pickup matching the description of David Pierre's had been outside a tavern in Tensed, Idaho, around the first part of January. This same tavern was known to James Cross, Undersheriff of Sanders County, as a place for fencing stolen property.

On January 17, 1983, at the Sanders County Sheriff's Office, Chubb identified Harold McClure from a photo-lineup as the driver of the vehicle she observed and talked to on January 8, 1983. Based on the foregoing information, Undersheriff James Cross applied for a search warrant to search the premises of David Pierre and Harold McClure. The application for search warrant was read and signed by Missoula County Justice of the Peace William P. Monger on January 19, 1983, and executed that same day. The search of Pierre's premises revealed a large numer of items of personal property taken from the Chubb residence. The property recovered consisted of approximately three pickup loads of personal property including weapons, family Bibles, chairs, a metal trunk and numerous boxes of dishes and other household items.

Thereafter, Harold McClure and David Pierre were arrested and charged with burglary and theft. Shortly after the arrest, Chubb viewed the two suspects in person and identified Pierre as the driver of the vehicle she observed and talked to on January 8, 1983. She had previously identified McClure from a photo-lineup as the driver of the

-4-

vehicle.

On March 11, 1983, Pierre made a motion to suppress all evidence obtained from the search of the McClure and the Pierre residence. McClure made the same motion on March 14, 1983. In making their motions to suppress, the defendants asserted that there had been insufficient probable cause to search the premises of either defendant.

On May 10, 1983, after considering the defendant's motions on brief, the District Court granted McClure's motion to suppress because Chubb repudiated her initial photo-lineup identificaiton of McClure. The District Court stated that without Chubb's identification the affidavit in support of the search warrant did not contain sufficient facts to link McClure with the Chubb burglary. The District Court denied Pierre's motion to suppress finding that the search of Pierre's residence was supported by probable cause. Subsequently, the District Court dismissed charges against McClure and on June 28, 1983, Pierre was found guilty of burglary and theft by the court sitting without a jury. On August 24, 1983, Pierre filed his notice of appeal.

The sole issue defendant Pierre raises on appeal is whether the search warrant for Pierre's premises was fatally defective under the Fourth Amendment because it was issued and executed without probable cause.

The probable cause requirement for the issuance of a search warrant is found in the Fourth Amendment to the United States Constitution: ". . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and

Hon. L. C. Gulbrandson
Justice, Supreme Court
Room 436 Justice Bldg.
215 North Sanders
Helena, Montana  59620

CORRECTION. In preparing this opinion for publication, we noted in our verification of titles and citations the matters listed below. Corrections have been made on our copy of the opinion.

Date:

Re:

April 23, 1984

State v. Pierre, No. 83-437, March 23, 1984

Page 6, line 11 -- Thompson v. Onstad should read Thomson v. Onstad.

Page 8, line 3 -- 93 L.Ed.2d 1879 should read 93 L.Ed. 1879.

OK

WEST PUBLISHING COMPANY
Box 3526
St. Paul, MN 55165

the person or things to be seized." And in Article II, Section 11 of the Montana State Constitution: ". . . No warrant to search any place, or seize a person or thing shall issue without describing the place to be searched or the person or thing to be seized, or without probable cause, supported by oath or affirmation reduced to writing." When a search warrant has been issued the determination of probable cause must be made solely from the information given to the impartial magistrate and from the four corners of the search warrant application. State v. Isom (1982), 196 Mont. 330, 641 P.2d 417; Thompson v. Onstad (1979), 182 Mont. 119, 594 P.2d 1137.

Recently, the United States Supreme Court set forth the standard for a magistrate's determination of probable cause in Illinois v. Gates (1983), _____ U.S. _____, 103 S.Ct. 2317, 76 L.Ed.2d 527:

> ". . . we affirm the totality of the circumstances analysis that has traditionally informed probable cause determinations. [Citations omitted.] The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed."

In the instant case, the totality of the circumstances as expressed in the application for search warrant supported the decision of the magistrate that there was a fair probability that evidence of a crime would be found in a particular place. A summary of the facts contained in the

-6-

search warrant indicated appellant's pickup was placed at the scene of the crime and a feed receipt issued to him was found at the burglarized premises. Further, tarps covering unknown items and a recently constructed building with its contents hidden from view were observed on appellant's property. While the tarps and building were innocent by themselves, they were not innocent when coupled with the presence of appellant's truck and feed receipt at the scene of the crime. These facts indicated a fair probability that appellant was involved in criminal activity. To constitute sufficient probable cause for a search warrant only a probability of criminal conduct need be shown. State v. McKenzie (1978), 177 Mont. 280, 581 P.2d 1205; State ex. rel. Garris v. Wilson (1973), 162 Mont. 256, 511 P.2d 15. As the court in United States v. Spearman (9th Cir. 1976), 532 F.2d 132 held, searches may be upheld when challenged on the basis of lack of probable cause where:

> "the nexus between the items to be seized and the place to be searched rested not on direct observation . . . but on the type of crime, the nature of the missing items, the extent of the suspect's opportunity for concealment, and normal inferences as to where a criminal would be likely to hide stolen property."
> Spearman, supra, 532 F.2d at 133.

In the instant case, the quantity of items taken and their relative bulk; the need for a truck to carry the items and the need for additional storage coupled with the facts contained in the application for search warrant indicate a fair probability that evidence of a crime was at appellant's residence. "In dealing with probable cause, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations

-7-

of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States (1949), 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed.2d 1879. In short, the District Court did not err in holding that the search warrant was supported by probable cause.

Appellant also argues that the search warrant was stale when it was issued because thirty-seven days elapsed between the date on which the offense could have occurred, December 13, 1982, and the date of he search on January 19, 1983.

The issue of staleness cannot be resolved by a mechanical reference to the number of days between the facts relied upon in the affidavit and the time the warrant is issued. Rather, as the court stated in Andresen v. State (Md.App. 1975), 331 A.2d 78 aff'd sub. nom. Andresen v. Maryland (1976), 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627:

> "The likelihood that the evidence sought is still in place is a function not simply of watch and calendar but of variables that do not punch the clock: the character of the crime (chance encounter in the night or regenerating conspiracy?), of the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), of the place to be searched (mere criminal forum of convenience or secure operational base?), etc. The observation of a half-smoked marijuana cigarette in an ashtray at a cocktail party may well be stale the day after the cleaning lady has been in; the observation of the burial of a corpse in a cellar may well not be stale three decades later. The hare and the tortoise do not disappear at the same rate of speed."

Similarly, in State v. Hett (1982), 31 Wash.App. 849, 644 P.2d 1187, the court said the test for staleness of a search warrant is common sense and the key to whether the warrant

should issue is whether the property sought is on the premises to be searched at the time the search warrant is issued. A highly incriminating or consumable item of personal property is less likely to remain in one place as long as an item of property which is not consumable or which is innocuous in itself or not particularly incriminating. United States v. Steeves (8th Cir. 1975), 525 F.2d 33, 38; see also United States v. Rahn (10th Cir. 1975), 511 F.2d 290. In the case at bar, the items removed from the victim's residence were innocuous household items, a fact which provided the issuing magistrate a substantial basis for concluding they would be at appellant's residence at the time the search warrant was issued. Accordingly, the District Court correctly held that the search warrant was not stale when it was issued.

We affirm.

_____
Justice

We concur:

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea concurs but is unavailable for signature.

-9-