No. 84-416

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

RICKY HENDRICKSON,

Defendant and Respondent.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and For the County of Hill,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Kim Kradolfer argued, Asst. Atty. General, Helena
Ronald W. Smith, County Attorney, Havre, Montana

For Respondent:

Law Office of Frank Altman; Dan Boucher argued,
Havre, Montana

Submitted: May 2, 1985

Decided: July 1, 1985

Filed: JUL 1 1985

Ethel M. Harrison

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

On July 26, 1984, defendant, Ricky Hendrickson filed a motion to suppress evidence found during a search of his vehicle, alleging lack of probable cause to support issuance of the search warrant. Following a hearing in the Twelfth Judicial District Court, defendant's motion was granted on August 6, 1984. The State appeals.

We find that the application for the search warrant contains sufficient probable cause to support the issuance of a search warrant and reverse the order of the District Court.

On January 25, 1984, Sgt. Gene Harada of the Havre Police Department, acting in response to a confidential informant's tip, applied for and received a search warrant from Hill County Justice of the Peace, Edward Vasecka. The informant was well known to the Sergeant as he had provided reliable information to the Sergeant on several other occasions.

Sgt. Harada's affidavit requesting issuance of a search warrant states:

> "An informant has contacted me with information concerning the above person. This informant has told me that they are transporting the above drugs to Great Falls this afternoon with the intent of selling them. There is a music concert to be held in Great Falls this evening.
>
> "The informant states that the listed suspect is planning to leave the Havre Area between 1200 hrs. and 1500 hrs. on Jan. 25, 1984.
>
> "The informant knows the above listed suspect. The informant knows that the suspect has used drugs and has been present when the suspect has used drugs.
>
> "The informant has been in the company of the suspect in the very recent past and has heard the suspect indicate to him that he was going to transport these drugs to Great Falls today.
>
> "This confidential informant is known to me. I have had contact with this informant on a number of other occasions in which then [sic] informant has

2

provided information concerning other criminal investigation and has proved to be reliable.

"The listed suspect has been under surveillance by the Havre Police Department and Hill County Sheriff office because of other intelligence information recieved [sic] over the past six (6) weeks."

The warrant application described the vehicle to be searched as "a 1978 Royal Blue Ford LTD II with a rear spoiler on trunk, mag wheels, double white strip down both sides of the vehicle and has a 20 sticker in rear window. This is registure [sic] to Ricky Hendrickson." The property alleged to be in the car was "a large amount of marijuana."

That same day, Sgt. Harada stopped defendant's car and searched it pursuant to the search warrant. Two bags of marijuana (125.92 grams), a prescription bottle thought to contain LSD and two water pipes were seized. Hendrickson was charged with criminal possession of dangerous drugs.

In support of his motion to suppress, Hendrickson alleges that the affidavit supporting the search warrant failed to set forth sufficient facts to establish probable cause to issue the warrant and that the Justice of the Peace relied on information outside the four corners of the affidavit in issuing the search warrant. Specifically, Hendrickson alleges that the Justice of the Peace considered unsworn, oral answers to questions posed to Sgt. Harada.

At the hearing on defendant's motion to suppress, the Justice of the Peace testified that he always questions officers prior to issuing search warrants. He further stated that the affidavit contained probable cause to support the warrant, but that he would never have issued it without questioning the Sergeant. Relying solely on the information within the four corners of Sgt. Harada's affidavit, the trial judge found a lack of probable cause to issue a search warrant and denied the application.

3

The State of Montana raises the following issues in its appeal:

1. Whether the search warrant was supported by probable cause?

2. Whether the police officer reasonably and in good faith relied on the Justice of the Peace's determination of probable cause so as to preclude application of the exclusionary rule?

The current test for determining whether an informant's tip establishes probable cause for issuance of a warrant is found in Illinois v. Gates (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548:

> "[W]e conclude that it is wiser to abandon the 'two-pronged test' established by our decisions in Aguilar and Spinelli. In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations. [Citations omitted.] The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed. Jones v. United States, supra, 362 U.S., at 271, 80 S.Ct., at 736." (footnote omitted)

This "totality of the circumstances" test has been adopted in this State. State v. O'Neill (Mont. 1984), 679 P.2d 760, 41 St.Rep. 420. It completely replaces the more stringent, two-prong Aguilar-Spinelli test. For discussions of that test, see Aguilar v. Texas (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States (1969), 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; and State v. Erler (Mont. 1983), 672 P.2d 624, 40 St.Rep. 1915.

The information contained in Sgt. Harada's affidavit satisfies the probable cause test set forth in Gates, supra.

4

It includes information concerning the place where the drugs could be found; the date and time when the drugs could be found; the kind of drugs involved; the intended use of the drugs; an accurate description of defendant's car; and an accurate description of defendant's travel plans. It also states that informant had been present when the defendant used drugs; that defendant personally told informant he was going to transport drugs to Great Falls on January 25, 1984; and that informant was believed reliable because of reliable information previously provided by him to the police.

Defendant suggests that probable cause is not established in this case for numerous reasons. The informant did not adequately explain "they" when stating that "they are going to take the drugs to Great Falls." The informant did not claim to have seen the drugs, nor did he know where in the car the drugs could be found. The informant provided no information indicating that defendant was a retailer, wholesaler or distributor of marijuana. And finally, the use of the term "indicate" in "informant . . . has heard the suspect indicate" is too broad. To give credence to defendant's argument would be to place "undue attention . . . on isolated issues that cannot sensibly be divorced from the other facts presented to the magistrate." Gates, 462 U.S. at 234-235, 103 S.Ct. at 2330, 76 L.Ed.2d at 545-546.

The "totality of the circumstances," from the face of Sgt. Harada's affidavit, clearly supports a finding of probable cause. We approve the trial judge's refusal to look beyond the four corners of that affidavit. No information obtained during the conversation between the Justice of the Peace and Sgt. Harada may be used to determine probable cause because the Sergeant's statements were unsworn, unsigned and not a part of the record. State ex rel. Townsend v. District

5

Court (1975), 168 Mont. 357, 363, 543 P.2d 193, 196. The occurrence of that conversation does not adversely affect the finding that probable cause to issue a search warrant exists because that finding rests solely on the information in the affidavit. State v. Thomson (1976), 169 Mont. 158, 162, 545 P.2d 1070, 1072. However, we disapprove of what appears to be the habit of this Justice of the Peace to conduct such conversations.

Since we find the search warrant to be supported by probable cause contained within the four corners of Sgt. Harada's affidavit, it is unnecessary to discuss the second, "good faith" issue raised by the State.

Reversed and remanded for trial.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, dissenting:

It is a disservice to the District Judge, the Honorable Chan Ettien, not to discuss the reasons on which he found that the warrant in this case was improvidently issued.

In his written memorandum, after stating his observation respecting the ambiguities of the application for warrant, Judge Ettien noted:

> "There is not a smidgeon of information in the application purportedly or impliedly from the surveillance. One could gather that there was substantial surveillance of Defendant's residence and movements. One must presume no suspicions of criminal action surfaced, particularly of trafficking, which would have been of material underlying circumstance.

> "Judge Vasecka made it clear, during examination that he included his oral interrogation of Harada in his decision to issue the warrant. That he relied on Harada's statements, not on the informant's as to the information in the application.

> "Judge Vasecka made it clear also that the critical basis for his issuance of the writ was the oral conversations with Harada at the time Harada applied. Admittedly, this conversation was oral, not under oath, and had not been reduced to writing and made a part of the original application. Thompson v. Onstad (1979) 182 M 119: State ex rel Townsend (1975), 168 Mont 357.

> " . . .

> "The application does not (other than allegation of Defendant's personal use) establish that the crime charged has been committed or is being committed. We have only the unsubstantiated statement that there is a large quantity of marijuana in Defendant's car . . ."

Under our state constitution, Article II, Section 11, it is prescribed that no warrant to search any place or thing shall issue "without probable cause, supported by oath or affirmation reduced to writing."

Judge Ettien followed the constitution in determining that the information on which Judge Vasecka relied to issue

7

the warrant had not been reduced to writing.   Therefore the warrant was invalid.

All the esoteric discussion in the majority opinion respecting the decision in Illinois v. Gates, supra, Jones v. United States, et al, have no bearing on this case.   It is a simple matter that the justice of the peace did not rely on the four-corners of the application, but instead depended on unsworn information from the constable to issue the warrant for search.   Judge Ettien was correct in his decision.   I would affirm.

_John C. Sheehy_
Justice

Mr. Justice William E. Hunt, Sr., concurs with the foregoing dissent.

_William E. Hunt_
Justice