No. 82-358

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

STATE OF MONTANA,

            Plaintiff and Appellant,

  -vs-

MARK ERLER, a/k/a MARK MARTIN,

            Defendant and Respondent.

---

APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
John P. Connor, Jr. argued, County Attorney, Boulder,
Montana: Bob Peterson argued, Deputy County Atty.,
Boulder, Montana

    For Respondent:

        Harlen & Thompson; Shaun R. Thompson argued, Helena,
Montana

---

Submitted: October 13, 1983

Decided: November 29, 1983

Filed: NOV ~~ ~~~

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

The State of Montana appeals the July 30, 1982, order of the District Court of the Fifth Judicial District, Jefferson County, suppressing all evidence seized from the defendant's residence in a search conducted on December 30, 1981. The search was held to be illegal because the application for the search warrant was found to have failed to establish probable cause sufficient to justify a search of defendant, Mark Erler's residence.

We find that the application for the search warrant did contain sufficient probable cause to support the issuance of the search warrant and reverse the order of the District Court.

On December 29, 1981, Jefferson County Undersheriff Tom Dawson was advised by Lewis and Clark County law enforcement officers of a tip they had received indicating that marijuana and cocaine would be entering Lewis and Clark County from the Jefferson County residence of Mark Erler. Further, the drugs were to be transported in a Chevrolet Malibu registered to a Cynthia Olson, with license number 5-50069. Although the informant was not identified, Lewis and Clark County officers did state that they had received reliable information from the same person on three previous occasions.

On the basis of the above information and his knowledge that Erler's residence is located approximately two miles up Basin Creek Road from U.S. Highway 91, Undersheriff Dawson positioned a county deputy at the junction of the two roads. At 10:37 p.m. December 29, 1981, the deputy observed the above-described automobile entering Highway 91 from the Basin Creek Road. Lewis and Clark County officers were so notified and the Olson vehicle was stopped approximately one mile

2

inside the Lewis and Clark County line at 11:18 p.m. It had travelled approximately 35 miles in 41 minutes. The registered owner of the vehicle, her husband and Theresa Jo Bennett were in the car, together with approximately one and one-half pounds of marijuana.

Undersheriff Dawson then applied to a justice of the peace for a search warrant to search Mark Erler's residence. The application contained the information set forth above. The warrant was issued and a search of the residence was conducted in the early morning hours of December 30, 1981. The search uncovered $2070 in cash, drug paraphernalia, marijuana and other controlled substances. It is that evidence which the State contends was erroneously suppressed by the District Court.

To determine whether there was probable cause to issue the instant search warrant, we must look only at the information contained within the four corners of the search warrant application. State v. Isom (1982), 196 Mont. 330, 641 P.2d 417. That information was given to Lewis and Clark County officers by an informant and then relayed to Jefferson County officers, whose subsequent investigation successfully corroborated nearly all of the informant's allegations.

Prior to the United States Supreme Court's recent decision of Illinois v. Gates (1983), _____ U.S. ____, _____ S.Ct. ____, _____ L.Ed.2d ____, 51 U.S.L.W. 4709 (No. 81-430, June 8, 1983), an informant's tip (and thus the information in the application) had to meet the rigidly interpreted "two-prong test" set forth in Aguilar v. Texas (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, for determining whether probable cause exists for issuing a search warrant before the warrant would be valid. That test is:

3

1.  The magistrate must be informed of some of the circumstances underlying the informant's conclusions or his "basis of knowledge"; and

2.  The magistrate must be informed of some of the circumstances underlying the officer's conclusions that the informant was credible or his information reliable. Aguilar, 378 U.S. at p. 114, 84 S.Ct. at p. 1514, 12 L.Ed.2d at p. 729.

The Supreme Court in Spinelli v. United States (1969), 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, then expanded upon the Aguilar test to hold that a tip could contain sufficient "self-verifying" detail to satisfy the "basis of knowledge" requirement.

> "In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Spinelli, 393 U.S. at p. 416, 89 S.Ct. at p. 589, 21 L.Ed.2d at p. 644.

The Spinelli case also indicated that a pre-Aguilar case, Draper v. United States (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, remains the authority for determining the veracity of an informant's tip. Thus, an officer's personal verification, through corroboration of an informant's very specific allegations, is sufficient circumstance to verify a conclusion that the information is credible or reliable. Spinelli, 393 U.S. at pp. 416-417, 89 S.Ct. at p. 589, 21 L.Ed.2d at p. 644.

In Illinois v. Gates, supra, however, the Supreme Court abandoned the two-prong test set forth in Aguilar and returned to a more traditional standard for determining whether sufficient probable cause exists to issue a search

warrant on the basis of an informant's tip. The Gates test involves a "totality of the circumstances" analysis and incorporates the specifics set forth in Aguilar without requiring that each and every element be proved before probable cause can be found. The absurdly technical aspects of the previous test are thus abandoned.

The magistrate must now simply "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying heresay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, _____ U.S. at p. _____, _____ S.Ct. at p. _____, _____ L.Ed.2d at p. _____, 51 U.S.L.W. at p. 4716. Then, the standard for the reviewing court is a return to the concept set forth in Jones v. United States (1960), 362 U.S. 257 at p. 271, 80 S.Ct. 725 at p. 736, 4 L.Ed.2d 697 at p. 708, that the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause to issue a search warrant existed.

The probable cause requirement for the issuance of a search warrant is found in the Fourth Amendment to the United States Constitution: " . . . no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized;" and in Article II, Section Eleven of the Montana State Constitution: ". . . No warrant to search any place, or seize any person or thing shall issue without describing the place to be searched or the person or thing to be seized, or without probable cause, supported by oath or affirmation reduced to writing."

We find sufficient probable cause to issue the search warrant in the instant case under either the Aguilar-Spinelli test or the Gates test set forth by the United States Supreme Court.

## The Aguilar-Spinelli Test

Although the justice of the peace was never told the informant's "basis of knowledge", the tip contained sufficiently detailed information to enable the magistrate to reach the determination that the tip was based on "something more substantial than a casual rumor" or "an accusation based merely on [defendant's] general reputation." The informant knew such details as the model of car which would be leaving defendant's house carrying drugs, its license number and its registered owner. That information is much too specific to be considered part of a "casual rumor".

Further, the informant's specific information was substantially corroborated by Jefferson County law enforcement officers, thus verifying both the credibility of the informant and the reliability of his information. The information regarding the make of car, its license number and its registered owner was corroborated, as was the allegation that the car would contain a quantity of marijuana. The only information not corroborated by the officers was that the car would be coming from Mark Erler's residence. However, the car was seen approximately two miles from defendant's residence on the route which would usually be taken to Lewis and Clark County from that residence. Together with the corroboration of the other, very specific, details of the tip, seeing Olson's car on that route was sufficient reason for the justice of the peace to determine that there was a probability that the car had come from Erler's residence and

to find probable cause to issue the warrant to search the house.

## The Gates Test

Since we have upheld the search warrant under the Aguilar-Spinelli test, there is no doubt but that the warrant is also valid under the less stringent test of Gates. Given the specific details of the informant's tip and the officers' ability to corroborate those details, there was substantial basis for the justice of the peace to make the determination that "there [was] a fair probability that contraband or evidence of a crime" would be found at the residence of Mark Erler.

The order of the District Court is reversed. The search warrant is held to be valid and all evidence acquired as a result of that warrant is admissible against the defendant, Mark Erler.

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
_____
Justices

Mr. Chief Justice Frank I. Haswell, specially concurring:

I concur in the result on the ground that probable cause existed for issuing a search warrant under Illinois v. Gates (1983), _____ U.S. ___, _____ S.Ct. ___, ___ L.Ed.2d ____, 51 U.S.L.W. 4709 (No. 81-430, Decided June 8, 1983).

_____
Chief Justice


Mr. Justice Daniel J. Shea and Mr. Justice John C. Sheehy dissent and will file written dissents later.